**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 288-1610
docket@phillipsdayeslaw.com

JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Nicholson;<br><br>Plaintiff,<br><br>vs.<br><br>Aaaron Moving, LLC, a domestic limited liability company; and Johnathan Record;<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Brian Nicholson, by and through John L. Collins and Trey Dayes, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against Defendants Aaaron Moving, LLC, and Johnathan Record avers as follows:

## **NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions

Complaint and Demand for Jury Trial                                                                      Page 1

detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages and failure to pay minimum wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. For at least three years prior to the filing of this action, Defendants had a consistent policy and practice of paying its employees less than the minimum wage.

5. For at least three years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

6. For at least three years prior to the filing of this action, Plaintiff worked as many as forty-four (44) hours in excess of forty (40) hours per week and was not paid for these overtime hours at one and one-half his regular rate of pay.

7. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the boundaries of this judicial district and because a substantial portion of the events that form the basis of this Complaint occurred in the State of Arizona.

## **PARTIES**

10. At all times material hereto, Plaintiff Brian Nicholson was and continues to be a resident of Tucson, Pima County, Arizona.

11. On information and belief, at all times material hereto, Defendant Aaaron Moving, LLC, was and continues to be an entity organized under the law of the State of Arizona, doing business in Pima County, Arizona, and is subject to the jurisdiction of this Court.

12. On information and belief, at all times material hereto, Defendant Johnathan Record was and continues to be a resident of Pima County, Arizona, and is subject to the jurisdiction of this Court.

13. On information and belief, Defendant Record made all managerial and operational decisions on behalf of the business.

14. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16. At all relevant times, each Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Defendants each should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. All Defendants are co-equally liable for all matters.

19. At all times material to this action, each Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

20. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continue to exceed, $500,000.00.

### FACTUAL BACKGROUND

21. Defendant Aaaron Moving, LLC, provides packing, hauling, and moving services to commercial and residential customers.

22. On information and belief, Defendant Record owns and controls Defendant Aaaron Moving, LLC.

23. Defendants hired Plaintiff work as a mover, loader, and packer in November 2011, and Plaintiff's employment continued until December 2013.

24. Defendants paid Plaintiff at the regular rate of $13.00 per hour for his labors.

25. Defendants generally required Plaintiff to work seven days per week, usually starting between 5:00 a.m. and 8:00 a.m. and ending between 8:00 p.m. and 12:00 a.m.

26. Plaintiff's work involved packing and loading materials, goods, and furniture, driving to another location, and then unloading and unpacking the same materials, goods, and furniture.

27. Defendants paid Plaintiff only for time they billed to their customers for labor time when Plaintiff almost unilaterally was required to work many hours more than the hours billed by Defendants to their customers.

28. Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for any hours worked in excess of forty hours per week.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

29. Plaintiff incorporates and adopts paragraphs 1 through 28 above as if fully set forth herein.

30. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

31. Plaintiff was a non-exempt employee.

32. Defendants have intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

33. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

34. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

35. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

36. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

37. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

38. Defendants have not made a good faith effort to comply with the FLSA.

39. Plaintiff has been required to bring this action to recover his overtime wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;

      b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

      c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

      d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

      e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

      f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

40. Plaintiff incorporates and adopts paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff and Defendant have an overtime wage dispute pending under the FLSA.

42. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

43. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

      a. Defendant employed Plaintiff.

    b. Defendant is engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

    d. Plaintiff is entitled to recover payment for each hour worked, including travel time between work sites.

    e. Plaintiff worked hours in excess of forty hours per week for which Defendants failed to compensate Plaintiff at a rate at least one and one-half times his regular rate of pay.

    f. Defendants' failures to comply with the overtime provisions of the FLSA were willful.

    g. Plaintiff is entitled to recover damages for a period of three years prior to the filing of this matter.

    h. Plaintiff is entitled to recover liquidated damages.

    i. Plaintiff is entitled to recover a reasonable attorneys' fee and costs of litigation.

44. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

45. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation; and

    c. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: May 22, 2014

                            Respectfully submitted,

                            **PHILLIPS DAYES LAW GROUP PC**

                            By: /s/ John L. Collins
                                  John L. Collins
                                  Arizona Bar No. 030351
                                  johnc@phillipsdayeslaw.com
                                  Attorney for Plaintiffs